```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION

INTERNATIONAL UNION, UNITED      §
AUTOMOBILE, AEROSPACE &          §
AGRICULTURAL IMPLEMENT           §
WORKERS OF AMERICA and its       §
LOCAL 848,                       §
                                 §
                   Plaintiffs,   §
                                 § Civil Action No. 3:09-CV-0299-D
VS.                              §
                                 §
VOUGHT AIRCRAFT INDUSTRIES,      §
INC.,                            §
                                 §
                   Defendant.    §
```

## MEMORANDUM OPINION AND ORDER

In this action arising under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, plaintiffs International Union, United Automobile, Aerospace & Agricultural Implement Workers of America and its Local 848 (collectively, "the Union") seek judgment compelling defendant Vought Aircraft Industries, Inc. ("Vought") to arbitrate a grievance arising under a collective bargaining agreement ("CBA") and involving laid-off supervisory employees who seek to invoke their rights under the CBA to return to positions as bargaining unit employees. Vought moves to dismiss for lack of subject matter jurisdiction, contending that the National Labor Relations Board ("NLRB") has exclusive jurisdiction, and lack of standing. Concluding that the NLRB does not have exclusive jurisdiction over this largely contractual dispute, and that the Union has standing, the court denies Vought's

motion.

I

The Union is certified as the exclusive bargaining agent for defined classifications of Vought employees. The Union and Vought have entered into multiple, successive collective bargaining agreements, including the one at issue here. The CBA specifically excludes supervisors from Union representation. D. App. 7 (providing that employees covered by the CBA exclude "employees in . . . supervision as defined in Section 2 of the National Labor Relations Act, as amended."). The CBA also specifies procedures for processing grievances that assert violations of the CBA. Article V, § 8(a) provides, in pertinent part, that

> grievances involving alleged violations with respect to the interpretation or application of the terms of this [CBA] may be appealed to an impartial arbitrator for settlement.

D. App. 11.

Eugene Neeper ("Neeper") and Chester Kirksey ("Kirksey") were at one time hourly bargaining unit employees covered by the CBA, but they later became salaried supervisory employees. Both were salaried employees when they were laid off in 2006. Based on the following contractual language contained in Article VII, § 9 of the CBA, Neeper and Kirksey sought to return to non-supervisory jobs within the bargaining unit:

> All employees transferring from the bargaining unit to salary prior to October 1, 2000 will continue to accrue seniority . . . . A salaried employee may return to the bargaining unit at the highest classification held within the job family that seniority entitled him in accordance with the layoff procedure[.]

D. App. 19-20. After Vought refused to return Neeper and Kirksey to the bargaining unit, the Union filed grievances. When Vought refused to arbitrate the grievances, the Union brought this lawsuit seeking to compel arbitration. Vought moves under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction, contending that the question whether the Union may represent supervisory employees such as Neeper and Kirksey lies at the core of this dispute and therefore puts the dispute within the NLRB's exclusive jurisdiction. Vought also maintains that the Union lacks standing to represent Neeper and Kirksey.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.* Under Rule 12(b)(1) the district court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. *See Williamson v. Tucker,* 645 F.2d 404, 412-413 (5th Cir. 1981).

- 3 -

> When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make either a facial attack or a factual attack. If the party merely brings a Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading, assuming them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion. A party may make a factual attack on subject matter jurisdiction by submitting evidence, such as affidavits or testimony. When a movant provides evidence factually attacking subject matter jurisdiction, the party attempting to invoke jurisdiction must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction.

*Estate of Merkel v. United States,* 2008 WL 5378183, at *2 (N.D. Tex. Dec. 23, 2008) (Fitzwater, C.J.) (citations omitted), *appeal docketed*, No. 09-10203 (5th Cir. Mar. 10, 2009). Here, Vought offers no supporting affidavits or testimony to deny or controvert the complaint's allegations of jurisdiction, but instead challenges the sufficiency of the complaint. The court will therefore treat Vought's arguments as a facial attack and look only to the sufficiency of the allegations in the complaint, assuming them to be true.

### III

Section 301 of the LMRA vests federal courts with jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The "resolution of the right to represent," however, generally is "a matter within the exclusive domain of the NLRB and [is] not compatible with the

purpose of Section 301." *West Point-Pepperell, Inc. v. Textile Workers Union of Am.*, 559 F.2d 304, 307 (5th Cir. 1977). "Congress vested the NLRB with the exclusive authority to make the factual finding regarding the representative status of labor organizations," *id.* (citing Section 159 of the LMRA), and federal courts have assumed jurisdiction in representation matters in only highly-circumscribed situations, *Bishop v. NLRB*, 502 F.2d 1024, 1027 (5th Cir. 1974). The reason for this is to "maintain industrial peace" and promote collective bargaining, because "to allow employers and unions to rush into federal district court at will to prevent or nullify certification elections would encourage dilatory tactics by dissatisfied parties and lead to industrial unrest." *Id.*

Disputes, however, are often difficult to classify. One party may well believe a matter is essentially a representational one, while the other party characterizes it as a contractual issue. *See Carey v. Westinghouse Elec. Corp.*, 375 U.S. 261, 269 (1964). When a dispute can be fairly characterized as both a representational and a contractual issue, the Supreme Court has determined that, regardless how the dispute is categorized, there is "no barrier to use of the arbitration procedure." *Id.* at 272.

> If [the dispute] is a [contractual dispute], arbitration conveniently fills a gap . . . . If it is a representation matter, resort to arbitration may have a pervasive, curative effect . . . . By allowing the dispute to go to arbitration its fragmentation is avoided to a substantial extent; and those conciliatory measures which Congress deemed vital to industrial peace and which may be dispositive of the entire dispute, are encouraged. The superior authority of the [NLRB] may be invoked at any time. Meanwhile the therapy of arbitration is brought to bear in a complicated and troubled area.

*Id.* (internal quotation marks and citations omitted). Therefore, assuming *arguendo* that this lawsuit has a representational character, so long as it can also be characterized as contractual, the court has jurisdiction to hear the Union's suit to compel arbitration.

IV

A

Vought contends that the Union's claim, although couched as a contractual dispute, is actually a representational one falling within the exclusive jurisdiction of the NLRB. Vought maintains that, because Neeper and Kirksey were supervisors when they were laid off, if the court were to enforce the CBA in the manner sought by the Union, it would necessarily expand the Union's scope of representation beyond that certified by the NLRB to include supervisory employees. Implicit in Vought's challenge to this court's subject matter jurisdiction is a separate challenge to the Union's standing. Therefore, although Vought does not clearly

- 6 -

distinguish the two inquiries, its motion presents the court with these two questions: First, is there subject matter jurisdiction over the Union's claim—i.e., is this a contractual dispute, a representational dispute, or a blend of both?  And, second, even if there is subject matter jurisdiction, does the Union have standing to bring the claim on behalf of supervisors who were not collective bargaining unit employees when they were laid off?

B

The court concludes that this dispute is primarily contractual, not representational.  A representational controversy involves a dispute regarding "the duty of an employer to bargain collectively with the representative of the employees as provided in § 8(a)(5)."[1]  *Carey*, 375 U.S. at 266.  *See, e.g., West Point-Pepperell, Inc.*, 559 F.2d at 307 (holding that NLRB had exclusive jurisdiction to determine whether employer was required to bargain with successor union that absorbed predecessor union); *Bishop*, 502 F.2d at 1026-28 (holding that district court had no subject matter jurisdiction over employee's action to compel NLRB to process their

---

[1] Section 8(a)(5) provides: "it shall be an unfair labor practice for an employer . . . to refuse to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title."  29 U.S.C. § 158(a)(5).  Section 159(a) provides that the representatives shall be chosen by the majority of employees "in a unit appropriate" for collective bargaining.  29 U.S.C. § 159(a).  Section 159(b) gives the NLRB authority to determine what unit is the appropriate one: "the employer unit, craft unit, plant unit, or subdivision thereof."  29 U.S.C. § 159(b).

decertification petition); *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Facetglas, Inc.*, 845 F.2d 1250, 1253 (4th Cir. 1988) (holding that whether truck drivers were part of bargaining unit and whether union won election were primarily representational issues). There is no dispute between the Union and Vought over Vought's duty *to bargain* with the Union. The Union merely alleges that Neeper and Kirksey, as former hourly bargaining unit employees who were promoted to salaried positions and therefore transferred from the unit, have a contractual right to return to the bargaining unit. Vought maintains that "as a predicate to deciding whether [Vought] has a duty to arbitrate the terminations of Neeper and Kirksey, the Court necessarily must resolve the representational issues of (i) whether supervisors like Neeper and Kirksey are in a classification that can appropriately be included within a collective bargaining unit, and (ii) whether they were in the bargaining unit certified by the NLRB when their employment was terminated." D. Reply Br. 3. The court disagrees that these are "representational" issues. These are contractual issues. The first issue Vought identifies——whether supervisors like Neeper and Kirksey can appropriately be included within a collective bargaining unit——is really another way of asking whether Neeper and Kirksey have a contractual right under the CBA to return to positions within the bargaining unit. The second issue——whether Neeper and Kirksey were in the NLRB-certified bargaining unit when

their employment was terminated——is also contractual. Whether Neeper and Kirksey "were in the bargaining unit" turns on whether they have a contractual right under the CBA to return to their former bargaining unit positions. *See Woosley v. Avco Corp.*, 944 F.2d 313, 317 (6th Cir. 1991) (holding that where CBA provision gives supervisors a right to return to bargaining unit upon request, supervisor-plaintiffs "should be treated as members [of the bargaining unit] in order to assert their right to return to the Unit.").

C

Vought also contends that the court's jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization representing *employees*," 29 U.S.C. § 185(a) (emphasis added), is inapplicable here because, unless and until Neeper and Kirksey are returned to the bargaining unit and non-supervisory status, they are excluded from the statutory definition of "employee." *See* 29 U.S.C. § 152(3) ("The term 'employee' . . . shall not include . . . any individual employed as a supervisor."). The court disagrees. Neeper and Kirksey's rights to return to the bargaining unit arise, if at all, because, during the time they were hourly employees covered by the CBA (and represented by the Union), they obtained the contractual rights——*as hourly employees*——to return to the bargaining unit after they transferred to salary. These are not rights that they first obtained *as*

- 9 -

*salaried supervisors*. They are rights that they obtained as bargaining unit employees *before* they transferred out. As the Union points out in its brief, "this is a case where a labor organization seeks to enforce a contractual right to require arbitration under an applicable collective bargaining agreement on behalf of individuals asserting rights which arose and attached under that agreement at a time when those individuals were non-supervisory employees covered by the agreement." Ps. Br. 2; *see also id.* at 4-5. In other words, the Union is not seeking to represent supervisors *qua* supervisors; it is seeking to represent persons who claim a contractual right under the CBA to return to hourly positions as bargaining unit members.

V

Although the court has subject matter jurisdiction over the Union's claim under § 301, the question of the Union's standing remains. *See Gutierrez v. United Foods, Inc.*, 11 F.3d 556, 558-59 (5th Cir. 1994) (noting that standing to sue is separate question from whether court has subject matter jurisdiction over claim under § 301). While a labor organization is authorized by statute to act as the exclusive and binding agent of its active bargaining unit members, it is not so authorized to act on behalf of grievants outside of the bargaining unit. *See, e.g., Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 AFL-CIO v. Goodrich Corp.,* 410 F.3d 204, 212 (5th Cir. 2005).

But as the court has already explained, the Union is purporting to represent two bargaining unit members who transferred to salaried positions but who are asserting rights that accrued to them when they were bargaining unit members and who, having been laid off from their supervisory positions, are seeking to return to positions that the Union represents.  This is not a case, as Vought mistakenly contends, where Neeper and Kirksey do not qualify as covered employees unless and until returned to the bargaining unit.  They are covered employees because they were members of the bargaining unit when their rights accrued to them, and they seek to return to the unit under rights conferred on them under the CBA when they were hourly employees represented by the Union.  The Union clearly has standing to represent Neeper and Kirksey to compel Vought to arbitrate grievances based on these rights.

\* \* \*

For the foregoing reasons, Vought's March 9, 2009 motion to dismiss for lack of subject matter jurisdiction is denied.

**SO ORDERED.**

June 11, 2009.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　　　　CHIEF JUDGE